UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-cv-02380-TWP-TAB |
| PAUL TALBOT Dr., and DUANE ALSIP, | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Certain Claims and Directing Further Proceedings**

**I. Standard of Review**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). The complaint in this case is particularly difficult to read. The Court made every effort to figure out the allegations discussed below. If the Court misunderstood or missed a material allegation, the plaintiff is encouraged to notify the Court of the misunderstanding within 14 days of the date this Entry is docketed. The plaintiff is encouraged to print using larger letters in future filings.

## II. The Complaint

Plaintiff John Naylor filed this civil action against Dr. Paul Talbot and Duane Alsip alleging the following.

Mr. Naylor alleges that Dr. Talbot refused him a bottom bunk and bottom range pass despite the fact that Mr. Naylor fell several times. In addition, Dr. Talbot put Mr. Naylor's "KOP meds on DOT despite grievances, harm to rem sleep, circadian rhythms and exposure to my attacker Cortez Jones and STG associates." Dkt 2 at 2. The terms "KOP" and "DOT" are not defined.

Thereafter, Mr. Naylor was falsely convicted of a prison disciplinary violation and that Duane Alsip denied his facility level disciplinary hearing appeal.

Mr. Naylor seeks a court order directing the following: 1) that he not be moved to a top bunk or upper range; 2) that he be given Imodium and acid reflux medications as a KOP; 3) expungement of his disciplinary conviction; 4) membership in Sons of the American Legion Post # 608 and placement on the count letter so he can attend meetings; and 5) return of legal papers from Internal Affairs. He also seeks $60,000 in actual and punitive damages.

2

### III. Discussion of Claims for Relief

In his Complaint, Mr. Naylor states that he is suing under state law. If this is true, then this action must be dismissed for lack of jurisdiction. The reason for this ruling is that there is no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). In this case all parties are citizens of Indiana.

This Court, however, assumes that Mr. Naylor intended to sue for a violation of federal law under 28 U.S.C. § 1331, so further consideration of his allegations is necessary. Any federal claims would necessarily be brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

First, claims against Duane Alsip must be dismissed because the allegations asserted against him do not implicate a constitutional right. The Seventh Circuit has "specifically

denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). Because Mr. Naylor had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). In addition, if the disciplinary action at issue resulted in the deprivation of good time credit then Mr. Naylor's claim for relief (that is, expungement of his conviction) must be brought as a motion for writ of habeas corpus.

The allegations against defendant Dr. Paul Talbot are sufficient to allege that Dr. Talbot was deliberately indifferent to Mr. Naylor's serious medical needs: specifically, his need for a bottom bunk and range pass and the ability to carry his Imodium and acid reflux medications. These allegations implicate Mr. Naylor's Eighth Amendment rights. These claims shall proceed as submitted and the Court will consider if Mr. Naylor is entitled to injunctive relief regarding cell placement and the ability to carry medications, as well as, money damages.

That said, Mr. Naylor's request for an order which does the following: expunges his disciplinary conviction; orders reinstatement of Mr. Naylor's membership in Sons of the American Legion Post # 608 and placement on the count letter so he can attend meetings; and the return of his legal papers from Internal Affairs is **rejected**. The reason for this ruling is that these requests for relief are outside the scope of this litigation. In other words, any relief ordered in this action

4

can only be directed against the remaining defendant, Dr. Talbot and there is no plausible basis to conclude that this medical professional has authority regarding these requests for relief.

### IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Paul Talbot in the manner specified by Rule 4(d). Process shall consist of the complaint filed on July 13, 2017, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 9/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
DOC # 128761
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant -- Court Only

Dr. Paul Talbot – Staff Mail
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN 46204-1708