UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-cv-02380-TWP-TAB |
| PAUL TALBOT Dr., | ) |
| Defendant. | ) |

**Entry Denying Motion for Leave to Amend**

Presently before the Court is the plaintiff's motion for leave to file an amended complaint. For the reasons explained below, the motion to amend, dkt [33], is **denied.**

The plaintiff filed his original complaint on July 13, 2017. After resolving the plaintiff's motion for leave to proceed *in forma pauperis* and receipt of the initial partial filing fee, the complaint was screened pursuant to 28 U.S.C. § 1915A. This Court held that the allegations against defendant Dr. Paul Talbot were sufficient to allege that Dr. Talbot was deliberately indifferent to Mr. Naylor's serious medical needs: specifically, his need for a bottom bunk and range pass and the ability to carry his Imodium and acid reflux medications. These allegations implicate Mr. Naylor's Eighth Amendment rights.

After the defendant's affirmative defense of exhaustion was abandoned, a pretrial schedule was issued on December 5, 2017. Among other deadlines, the pretrial schedule stated that no later than December 26, 2017, "Any party who wants to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so, with a proposed amended pleading attached thereto. This includes trying to add new parties to the suit." Dkt. 26 at 1.

The plaintiff filed the presently pending motion for leave to file an amended complaint after the deadline passed on February 15, 2018. The plaintiff claims that not "amending the complaint would be a tragedy." Dkt. 33 at 2. He asserts that the proposed amended complaint is much easier to read and in compliance with court rules. If the purpose of filing an amended complaint is to improve readability, such an amendment is not necessary given the fact that the Court previously screened the complaint and identified the claims alleged.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). But when, as here, a plaintiff moves to amend his complaint after the deadline set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

The Court will begin with whether the plaintiff has established good cause under Rule 16. The plaintiff does not provide any basis for his delay. Under these circumstances the plaintiff was not sufficiently diligent and the delay is not justified. "As the 1983 advisory committee note explains, among the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Alioto*, 651 F.3d at 720. This action cannot steadily move toward trial if the plaintiff is permitted to restart this action filed on July 14, 2017. Accordingly, good cause has not been shown.

Moreover, the plaintiff does not state in his motion that he is seeking to add new claims. However, it appears that the amended complaint includes a claim seeking custom orthotic arch supports, medical shoes, evaluation by a plastic surgeon for his lip that interferes with eating, evaluation by a sports medicine specialist to get all his muscles reconnected in his right leg. These are all new claims that should have been raised by the December 26, 2017 deadline, therefore, the motion to file an amended complaint, dkt. [33] is **denied**.

Nothing in this Entry prohibits the plaintiff from raising these claims in a new civil action.

**IT IS SO ORDERED.**

Date: 4/2/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com